UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SAMUEL BURNETTE,

          Plaintiff,

    v.                                     Case No. 20-cv-1792-bhl

CHRISTOPHER SCHMALING, et al.,

          Defendants.

## SCREENING ORDER

Plaintiff Samuel Burnette, a pretrial detainee who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Burnette's motion for leave to proceed without prepayment of the filing fee and for screening of the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Burnette requested leave to proceed without prepayment of the full filing fee. A prisoner proceeding without prepayment of the filing fee is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Burnette filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). The Court assessed, and Burnette has paid, an initial partial filing fee of $36.47.[1] The Court will therefore grant the motion for leave to proceed without prepaying the filing fee.

---

[1] The Court assessed $34.67 on December 8, 2020 (Dkt. 5) and received $36.47 on January 4, 2021.

## SCREENING THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Burnette is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS

Burnette is an inmate at the Racine County Jail. Dkt. No. 1 at 1. He names as defendants 22 individuals and entities, including five judges/court commissioners, two prosecutors, four public defenders, six correctional officers, one nurse, one medical care company, one insurance company, and two high-ranking officials at the Racine County Jail. *Id*. at 2-3. Burnette claims the defendants violated his civil rights "in many different ways." *Id*. His narrative complaint generally complains about his on-going state court criminal case and his having tested positive for COVID-19[2] while incarcerated at the Racine County Jail.

According to his complaint, Burnette was arrested in Texas and extradited to Racine County in March 2020. *Id*. at 3. He arrived at the Racine County Jail on March 24, 2020. *Id*. About a week later, on March 30, 2020, Burnette had his initial appearance, where Judge Alice Rudebusch set a status hearing for May 21, 2020 (instead of scheduling a preliminary hearing). *Id*. at 3. Burnette wrote a letter to Judge Timothy Boyle complaining about Judge Rudebusch's decision and notifying him that he would be filing a complaint with the judicial commission. *Id*. at 4. Burnette's public defender Grant Henderson then "requested a bond modification for May 11, 2020." *Id*. Judge Faye Flancher denied the motion even though she knew that Burnette had not yet had a preliminary hearing. *Id*.

On May 21, 2020, Burnette had a status hearing where he was "misled" into waiving his preliminary hearing. *Id*. at 5. He states that his lawyer was "ineffective" because he should have gotten the criminal charges dropped at that time. *Id*. Burnette then wrote a letter to Public

---

[2] Presumably, Burnette tested positive for coronavirus SARS-CoV-2, leading to the disease COVID-19.

3

Defender Supervisor Helisa Cortez about his lawyer's ineffective assistance of counsel; Burnette also wrote to the Office of Lawyer Regulation. *Id.*

On June 1, 2020, Attorney Henderson filed a motion for substitution of judge and a motion for a speedy trial. *Id*. At that time, Burnette told Henderson that Judge Robert Repischak could not be assigned to his case due to a conflict of interest. *Id*. Judge Repischak was nevertheless assigned to the case. *Id*. Henderson later admitted that he made a mistake in failing to get the case removed from Judge Repischak. *Id*.

On July 17, 2020, Judge Repischak denied Burnette's *pro se* motion seeking a bond modification. *Id*. Judge Repischak set a trial date for August 24, 2020 and recused himself from the case. *Id*. Assistant District Attorney Jennifer Tanck-Adams then filed a motion to change the trial date. *Id*. Burnette filed several *pro se* motions to dismiss the criminal charges against him and release him from custody due to a violation of his right to a speedy trial. *Id*.

On August 10, 2020, Burnette had a pre-trial hearing before Judge Wynne Laufenberg. *Id*. at 6. Burnette reiterated the arguments from his *pro se* motions and Judge Laufenberg denied the motion noting, "in light of the global pandemic, we are in unchartered territory." *Id*. Burnette states, "the Judge, District Attorney, and my lawyer continued to move forward to have a trial." *Id*. Burnette continued to file *pro se* motions to dismiss the criminal charges against him; he asked his lawyer to file an interlocutory appeal. *Id*. When the lawyer refused to file an appeal, Burnette fired that person on August 27, 2020 *Id*.

On October 5, 2020, Burnette tested positive for COVID-19. *Id*. He states that he wouldn't have contracted the virus if his criminal case had been dismissed before August 27, 2020. *Id*. He explains that Officer Noonlan classified him as "maximum" security upon his arrival at the jail on March 24, 2020, but that on July 28, 2020, Burnette was told he could be reclassified as "medium"

4

security. *Id*. Burnette wrote to Sgt. Anderson and Sgt. Hesthaven several times to get his classification changed but his requests were "ignored." *Id*. Burnette did not get reclassified until November 2020. *Id*. at 7. He believes that this too caused him to catch COVID-19. *Id*.

Once Burnette's tested positive for COVID-19, Nurse Ebony was the only medical professional he was allowed to see—he never saw a doctor. *Id*. Burnette only received cold tablets and Tylenol. *Id*. His "other medical conditions associated with Covid-19" were never treated. *Id*. Burnette was also denied access to his test results; he was told he tested positive in a memo. *Id*.

For relief, Burnette seeks monetary damages. *Id*. at 8.

## ANALYSIS

To state a claim for relief under 42 U.S.C. §1983, Burnette must allege that he was "deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Read charitably, Burnette's grievances fall into two broad categories: (1) various issues with his on-going state court criminal case; and (2) inadequate medical care at the Racine County Jail. For several reasons, Burnette cannot proceed with either claim as pled, so the Court will dismiss the original complaint and give him leave to file an amended complaint consistent with this order.

First, Burnette's claims belong in different lawsuits. Federal Rules of Civil Procedure 18 and 20 allow Burnette to sue multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same events or incidents, and the claims involve questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 18(a); Fed. R. Civ.

5

P. 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). The claims described above do not arise out of the same events or incidents; nor are there questions of law or fact that are common to all 22 defendants. The mere fact that Burnette claims he would not have contracted COVID-19 at the Racine County Jail if his criminal case had been dismissed before August 27, 2020 does not create common issues of law or fact. As a legal matter, his complaints about his pretrial proceedings do not have anything to do with his COVID-19 diagnosis. And his complaints about getting COVID-19 do not share any common factual or legal issues with his complaints about the conduct of his criminal case in state court.

Second, with respect to his complaints about his criminal case, Burnette cannot proceed now with federal claims related to those issues. Under the Younger Abstention Doctrine, federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with on-going state proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Burnette's criminal case is still open in state court and has not yet been resolved.[3] Consequently, the Court will not further discuss any federal claims he may have with respect to his underlying state court criminal case. Burnette may be able to file a lawsuit regarding federal claims *after* his state court proceedings have ceased, but he should be aware that state proceedings include post-conviction motions and other appellate relief. *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). Indeed, even after the completion of his criminal case, his claims seem more appropriate for review under a habeas corpus petition than through a lawsuit under section 1983.

Third, Burnette does not provide enough facts to state a claim for denial of medical care at the Racine County Jail. A §1983 claim that a pretrial detainee received inadequate medical care

---

[3] *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2020CF000324&countyNo=51&index=0&mode=details

arises from the due process clause of the Fourteenth Amendment. *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020). Such claims are subject to an "objective reasonableness" standard. *Id*. Burnette must allege that the defendants acted purposefully, knowingly, or recklessly when considering the consequences of his medical condition. *Id*. (citing *McCann v. Ogle Cty., Ill*., 909 F.3d 881, 886 (7th Cir. 2018)). Burnette must then allege that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. *Id*.

The "mere fact that an inmate contracted COVID-19 while in prison does not give rise to a § 1983 claim...." *See e.g. Coates v. Arndt*, No. 20-C-1344, 2020 WL 6801884, at *1–2 (E.D. Wis. Nov. 18, 2020). "The plain fact is that the country is experiencing a pandemic and cases of COVID-19 are breaking out in prisons and communities across the country." *See e.g. Coates v. Arndt*, No. 20-C-1344, 2020 WL 6801884, at *1–2 (E.D. Wis. Nov. 18, 2020). "This does not mean that the correctional officers in charge of those prisons are subjecting inmates to cruel and unusual punishment." *Id*. Burnette may have contracted COVID-19 at the Racine County Jail, but none of the individuals named in this lawsuit (whether they were involved in his criminal case or whether they worked at the jail) are responsible for him catching the virus. The country is facing a pandemic and individuals everywhere are catching the virus.

Burnette's allegation that Nurse Ebony was the only medical professional he saw *after* he caught COVID-19 at the jail also does not state a claim. There is nothing inherently unreasonable about receiving medical care from a single nurse. That is common even for individuals who are not incarcerated, as nurses are the backbone of hospitals and the medical care system. This is particularly true in light of the pandemic when many people are sick and there is a shortage of resources. Burnette also alleges that his "other medical conditions associated with Covid-19" never got treated, but he does not describe what that those medical conditions were, who he told

7

about the medical conditions, or how they responded unreasonably. Burnette therefore does not state a claim for denial of medical care at the Racine County Jail and the Court will dismiss the original complaint.

Despite the problems with his initial complaint, the Court will allow Burnette a chance to file an amended complaint to provide more details. If he chooses to try to amend his complaint, he should focus on his medical care claim only and add the missing details identified in this Order. Any amended complaint must bear the docket number assigned to this case and will be treated as replacing the prior complaint. Accordingly, it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Burnette files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Burnette does not file an amended complaint, the Court will dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Burnette's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS ORDERED** that the complaint is **DISMISSED** for failure to state a claim. Burnette may file an amended complaint that complies with the instructions in this order by **April 1, 2021**. If Burnette files an amended complaint by the date above, the Court will screen the amended complaint as required by 28 U.S.C. §1915A. If Burnette does not file an amended complaint by the deadline, the Court will dismiss this case.

**IT IS ORDERED** that the agency having custody of Burnette shall collect from his institution trust account the **$313.53** balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust

account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Burnette transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with Burnette's remaining balance, to the receiving institution.

**IT IS ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Burnette is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The Court includes with this order a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated at Milwaukee, Wisconsin this 1st day of March, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge