UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

SAMUEL BURNETTE,

        Plaintiff,

        v.                                    Case No. 20-cv-1792-bhl

CHRISTOPHER SCHMALING, et al.,

        Defendants.

─────────────────────────────────────────────

# ORDER

─────────────────────────────────────────────

      On December 4, 2020, plaintiff Samuel Burnette, a pretrial detainee who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that various defendants violated his civil rights, both in connection with his ongoing state court criminal case and in connection with his medical care at the Racine County Jail. Dkt. No. 1. On March 1, 2021, the Court entered an order allowing Burnette to proceed without prepaying the filing fee and screening his complaint. Dkt. No. 8. In screening the complaint, the Court dismissed Burnette's claims for three reasons. *See id*. First, the Court noted that Burnette's complaint violated Fed. R. Civ. P. 18(a) and 20(a)(2) by combining unrelated claims against unrelated defendants in a single lawsuit. *Id*. at 5-6. Second, the Court explained that *Younger v. Harris*, 401, U.S. 37, 45 (1971), precluded Burnette from proceeding *now* on complaints about his ongoing criminal case. *Id*. at 6. Third, the Court ruled that Burnette's allegations of inadequate medical care did not contain sufficient detail to state a claim. *Id*. at 6-8.

      The Court allowed Burnette the chance to replead and encouraged him, if he chose to continue the case, to focus on providing additional details related to the medical care claim. *Id*. at 8. Specifically, the Court instructed Burnette to provide details about: (1) what "medical conditions associated with Covid-19" he had that was not treated at the Racine County Jail; (2) who he told about the purported medical conditions; and (3) what those people said or did in response to his medical conditions that constituted an "unreasonable" response. *Id*. at 7. The Court concluded that Burnette did not have constitutional claims with respect to the remaining

allegations in his original complaint. *Id*. at 5-8. The Court gave him until April 1, 2021 to file an amended complaint consistent with the instructions in the order. *Id*. at 8.

On March 10, 2021, well in advance of the deadline, Burnette filed an amended complaint. Dkt. No. 9. In his amended complaint, Burnette reiterates that he should not have been extradited from Texas to Wisconsin in March 2020 in the midst of a pandemic; that he caught Covid-19 at the Racine County jail; and that Nurse Ebony was the only medical professional he saw at the jail when he caught Covid-19. *Id*. at 3-5. He states he believes he caught Covid-19 at the jail because Sheriff Christopher Schmaling had a "relaxed attitude" with respect to the virus and this caused other jail staff to act in a similarly "nonchalant" manner. *Id*. Jail staff periodically forgot to wear masks and gloves when interacting with inmates. *Id*. at 4. Burnette states that he was not given a mask upon arrival at the jail, soap was not provided to encourage handwashing, and sanitizer was only dispensed to those who went to court. *Id*. at 3. Burnette also states that he "is 44 years old and a smoker for over 20 years;" and that smokers are more likely to suffer "heart conditions and other complications" if they contract Covid-19. *Id*. at 4-5. Burnette asks that "more tests be done" to "address all of the possible effects of Covid-19." *Id*.

Reading his amended complaint generously, Burnette seems to be trying to allege claims that he was exposed to unconstitutional conditions of confinement or was denied adequate medical care as a pretrial detainee. Both potential claims arise under the Fourteenth Amendment's Due Process Clause. *See Hardeman v. Curran*, 933 F.3d 816, 822-823 (7th Cir. 2019) (describing elements of conditions of confinement claim); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018) (describing elements of inadequate medical care claim). To state a conditions of confinement claim, Burnette must allege that the defendants imposed conditions of confinement that were objectively unreasonable, i.e., the conditions were not rationally related to a legitimate non-punitive government purpose or were excessive in relation to that purpose. *Hardeman,* 933 F.3d at 822-23. To state a claim based on the denial of adequate medical care, Burnette must allege that he had an objectively serious medical condition and the defendants' response to it was objectively unreasonable, given the totality of the relevant facts and circumstances. *Young v. Blozinski*, 770 F. App'x 277, 278 (7th Cir. 2019) ("Under *Miranda*, [the plaintiff] has the burden of producing evidence that would permit the inference that he suffered from an objectively serious medical condition, and that [the defendant's] response to it was objectively unreasonable."); *see*

*also James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020) (citing *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018)).

As the Court explained in the prior screening order, Burnette's allegations about catching Covid-19 at the jail do not implicate a constitutional violation. "The plain fact is that the country is experiencing a pandemic and cases of COVID-19 are breaking out in prisons and communities across the country." *See Coates v. Arndt*, No. 20-C-1344, 2020 WL 6801884, at *1–2 (E.D. Wis. Nov. 18, 2020). This does not mean that the correctional officers in charge of those prisons are subjecting inmates to unconstitutional conditions of confinement. *Id*. Even if the circumstances at the jail did not completely protect Burnette from Covid-19, the conditions he faced, without something substantially more, do not rise to the level of a constitutional violation. As Judge Crabb explained, "[a]lthough the CDC recommends social distancing practices where possible, it recognizes that it 'is challenging to practice in correctional and detention environments,' and it states that '[s]trategies will need to be tailored to the individual space in the facility and the needs of the population and staff.'" *Mayfield v. Peissig*, No. 20-CV-269-BBC, 2020 WL 3414757, at *2 (W.D. Wis. June 22, 2020). "[E]ven though housing inmates in close quarters and staff not wearing masks at all times may not be ideal practices, 'the challenges of managing [the pandemic] in a correctional setting are astronomical.'" *Id*. (citing *Bodnar v. Lake Cty. Jail*, No. 2:20-CV-157-PPS-APR, 2020 WL 1940742, at *3 (N.D. Ind. Apr. 22, 2020)). Nothing alleged in Burnette's amended complaint suggests that the defendants imposed unreasonable conditions of confinement at the jail in light of the overwhelming challenges faced by correctional institutions during the pandemic. At the time Burnette arrived at the jail in March 2020, even medical professionals at hospitals did not have enough face masks. It's not surprising, then, that jail staff did not have a mask for every individual who arrived at the jail during that time; nor is it unreasonable that they preserved resources and only gave sanitizer to those individuals who had court appearances. As explained before, Burnette does not have a constitutional claim with respect to the fact that he caught Covid-19 at the jail.

Further, nothing in Burnette's proposed amendments suggests that defendants acted in an unreasonable manner in addressing his purported medical needs, as required to state an inadequate medical care claim under the Fourteenth Amendment. As an initial matter, Burnette still does not allege that he suffers from any objectively serious medical condition to which defendants reacted to improperly. His having contracted Covid-19 is not enough. "[T]he vast majority of people who

contract COVID-19 have at most only moderate symptoms and recover fully." *See Coates*, 2020 WL 6801884, at *2. An allegation that a plaintiff "was sick for over two weeks" from catching Covid-19 was not a "serious" enough medical condition to implicate a constitutional violation. *Id*. Instead, a plaintiff is required to "describe specific symptoms" arising from Covid-19 that created a serious medical condition in the plaintiff. *Id*. Burnette states that he had "continued symptoms" but does not describe those symptoms or suggest they were so severe that they rose to the level of a serious medical condition for section 1983 purposes.

While Burnette provides a few new details about his "other medical conditions associated with Covid-19," these details are insufficient to support a Fourteenth Amendment inadequate medical care claim. He states that he is a 44-year-old smoker who has been smoking for over 20 years; and that smokers are more likely to suffer heart conditions and other complications if they contract Covid-19. But again, Burnett does not allege that he actually had any symptoms showing a heart condition and/or any other serious complications from catching Covid-19 at the jail. Nor does he allege that he was even "sick" for any period of time. *See* Dkt. No. 9 at 4-5. Instead, he identifies the mere possibility that he *could* have had a heart condition and/or complications from catching Covid-19 because he is a smoker. That is not enough to constitute a serious medical condition. Even if it was, Burnette still does not identify who he told about his purported symptoms or how they responded "unreasonably" under the totality of the relevant facts and circumstances.

Burnette also alleges that he had "elevated blood pressure" during one medical appointment, which he did not have prior to catching Covid-19. Dkt. No. 9 at 5. But marginally elevated blood pressure over a short period of time is not a serious medical condition. *See Jackson v. Pollion*, 733 F.3d 786, 789-90 (7th Cir. 2013) ("Hypertension is a serious medical condition because of the long-term damage that it can do."). In *Jackson*, the Seventh Circuit concluded that a lawsuit involving slightly elevated blood pressure for a three-week period of time was "plainly meritless" and "a stronger judicial hand on the tiller could save[] a good deal of time, effort, and paper." *Id*. Here, Burnette only alleges that he had "elevated blood pressure" during one medical appointment. And as noted above, he does not allege that he had any other symptoms that would suggest that his elevated blood pressure was severe enough to constitute a serious medical condition (i.e., headaches, nosebleeds, vision problems, fatigue/confusion, difficulty breathing, etc.). Burnette therefore does not have a claim with respect to his elevated blood pressure.

4

Finally, Burnette asks that "more tests be done" to "address all of the possible effects of Covid-19." Dkt. No. 9 at 4-5. But Burnette does not have a constitutional right to the medical care of his choosing. *See Walker v. Wexford Health Sources, Inc.,* 940 F.3d 954, 965 (7th Cir. 2019) ("[A]n inmate is not entitled to demand specific care."). He cannot "ask that more tests be done" for the sole purpose of assessing the status of his health. This is especially true in light of the fact that he does not allege that he has any actual medical symptoms that are serious.

Having given Burnette an opportunity to amend the complaint to provide additional details about his claim, the Court concludes that he fails to state a claim upon which relief can be granted. The Court will dismiss this case. *See, e.g., Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021) (concluding that the Court need not provide additional opportunities to amend when amendment would be futile).

Accordingly, **IT IS ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The clerk's office shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the clerk's office shall document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin this 30th day of March, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge